## Case No. 7,474.

### JONES et al. v. KNOWLES.

[1 Cranch, C. C. 523.]

Circuit Court, District of Columbia. Dec. Term, 1808.

F. S. Key, for plaintiffs,

But, THE COURT (FITZHUGH, Circuit Judge, absent) refused to admit it, saying that no man could come prepared to meet evidence and charges respecting every transaction of his life, without notice.

Mr. Jones then offered the deposition of Eber Hale, taken under the act of congress before the mayor of Hartford.

Mr. Morsell objected that the witness was-

interested. He only assigned five hundred dollars, part of the notes to the plaintiffs. If they can recover the whole they are trustees for Hale for the balance. Parol evidence cannot be received of P., being mayor of Hartford. The mayor does not state that he was not of counsel for one of the parties; has not certified the reasons of taking the deposition and does not state the residence of the witness, nor of the parties. The mayor was not competent to certify a release from the plaintiffs to the witness, nor a copy of the release. The original ought to be produced.

Mr. Jones, contra. Parol evidence is competent to prove A. B. to be mayor. If the mayor was of counsel for the plaintiffs, the defendant must show it. It appears by his certificate that the witness was in Hartford, and that appears to be the reason of the taking the deposition.

Hale in the deposition itself states that he has no interest in the note. He stands indifferent between the parties. If the plaintiffs recover against Knowles, Knowles may recover against Hale upon his receipt. The copy of the release certified by the mayor, is sufficient. It is competent for the plaintiffs to prove that Hartford is more than one hundred miles from Washington, and that the witness lives in Hartford, and that the defendant lives in Georgetown.

The original release belongs to the witness. It is not in the power of the plaintiffs to produce it. The witness is not obliged to produce it.

The mayor acted judicially, and was competent to judge whether it was a release, and to certify the same.

THE COURT (FITZHUGH, Circuit Judge, absent) were of opinion that the deposition was not admissible in evidence, no cause being certified by the mayor for taking the deposition, nor whether notice was given and on the ground of the interest of the witness.

THE COURT was of opinion that the mayor ought to have certified all the facts necessary to make the deposition good evidence under the act of congress.

The plaintiffs had leave to amend their declaration by adding two new counts, on payment of all antecedent costs. Juror withdrawn.